Filed 5/15/14   Graham v. Cortines CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| SCOT GRAHAM, | B248121 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC488823) |
| v. | |
| RAMON C. CORTINES, as Superintendent, etc., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. William F. Fahey, Judge.  Affirmed.

Peter Law Group and Arnold Peter for Plaintiff and Appellant.

Ballard Rosenberg Golper & Savitt, Linda Miller Savitt, Linda B. Hurevitz and Christine T. Hoeffner, for Defendant and Respondent.

_____

Plaintiff Scot Graham appeals from the summary judgment entered for defendant Ramon Cortines in this action for sexual battery and assault. We affirm because Graham did not provide a record sufficient to permit meaningful appellate review.

## FACTS AND PROCEDURAL HISTORY[1]

Scot Graham sued Ramon Cortines, who was then superintendent of the Los Angeles Unified School District, for sexual battery and other causes of action stemming from an incident that took place when Graham spent the weekend alone with Cortines at Cortines's ranch in the Sierras. Graham, who worked for the District in a managerial capacity, alleged four times in his verified complaint that Cortines had been acting in the course and scope of his employment at the time of the incident.[2]

Because Graham alleged that Cortines had been acting in the course and scope of his employment, he was required to have first filed a claim against the District pursuant to the Government Tort Claims Act. (Gov. Code, § 950.2; *Briggs v. Lawrence* (1991) 230 Cal.App.3d 605, 613.) It is undisputed that Graham never did so, and Cortines moved for summary judgment on that ground, contending that Graham was bound by the judicial admission in his verified complaint that Cortines had been acting in the course and scope of his employment. Graham brought, and the trial court denied, an ex parte motion for leave to file an amended complaint before the hearing on the summary

---

[1] The record on appeal consists of a minute order denying an ex parte application to amend the complaint and the judgment, limiting us to a bare bones statement of facts. We have filled in a few details from matters outside the record solely for context where necessary.

[2] The allegation was expressly made twice and reincorporated three times. Other allegations impliedly allege Cortines was acting within the course and scope of employment.

judgment motion.[3] The trial court granted the summary judgment motion and entered judgment for Cortines.

## DISCUSSION

Because judgments are presumed to be correct and prejudicial error must be shown, an appellant bears the burden of providing an adequate record sufficient to permit meaningful review. If he does not, then we must affirm the judgment. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

As mentioned in footnote 1, *ante*, Graham's record designation was limited to the minute order denying his ex parte motion for leave to amend, and the judgment for Cortines. Missing are the complaint, the summary judgment points and authorities and statements of separate undisputed and disputed facts, any declarations or other evidence submitted by the parties in connection with that motion, a proposed amended pleading, or a transcript of the summary judgment hearing.[4] On this record we are unable to conduct a meaningful appellate review and we therefore affirm the judgment.[5]

---

[3]     The record does not include a proposed amended complaint, but we assume that Graham's intent was to eliminate the allegations that Cortines had acted in the course and scope of his employment.

[4]     Graham also designated a transcript of the hearing on the motion, but the transcript was not prepared. According to counsel for Cortines, no transcript exists because the hearing was not reported.

[5]     Graham asked to augment the record with many of the missing items, but we denied that request because it was made after he filed his opening appellate brief, without explanation for the long delay. He has also asked us to take judicial notice of certain documents that appear to be related to another action he has pending against the District arising out of the events that gave rise to this action. We deny the request for judicial notice because those documents were not before the trial court and have no bearing on the summary judgment motion.

3

## DISPOSITION

The judgment is affirmed.  Respondent shall recover his costs on appeal.


RUBIN, J.

WE CONCUR:



BIGELOW, P. J.



KUSSMAN, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4